IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:08-CV-775-TMH |
| | ) | (WO) |
| WILLIAM K. SUTER and ALL | ) | |
| ASSOCIATES OF THE UNITED | ) | |
| STATES CLERK'S OFFICE | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Upon consideration of the plaintiff's application for leave to proceed *in forma pauperis*, it is ORDERED that the application be and is hereby GRANTED.

Gene Coggins has filed seventeen lawsuits in this court this year including this one. He has sued this court and its judges, the State of Alabama, counties and municipalities, private individuals, local water authorities, state courts, and state court judges. Every one of the cases has been dismissed by this court, and the cases in which Mr. Coggins has taken an appeal have been dismissed by the Eleventh Circuit. In one of those cases, *Coggins v. United States District Court Middle District of Alabama et al.,* 2:08-cv-00295-TMH (M.D. Ala.), Mr. Coggins sued this court, every District Judge and Magistrate Judge as well as one Senior District Judge of the court. He also sued a former Magistrate Judge and the Clerk of the Court. The case was dismissed prior to service of

process.[1]  Mr. Coggins appealed. The appeal was dismissed on July 2, 2008, for want of prosecution because Mr. Coggins failed to timely file his brief and record excerpts. *Coggins v. United States District Court Middle District of Alabama et al.,* No. 08-12612-AA (11th Cir. July 2, 2008).

Mr. Coggins has now turned his attention to the Clerk of the Supreme Court of the United States and other employees of that court. He filed this lawsuit on September 19, 2008. Here is what Mr. Coggins says in his "complaint for constitutional violations."

> The clerk has taken on the role of the judge, in attempting to control who or who cannot have their day in court. This concept is a guaranteed part of the "due process of law", as given in the Constitution of the United States. And set procedures are found only in the federal rules of civil procedures, where any variations from this creates a constitutional right violation, subject to a judgment, facing prosecution for breaking oath of office, intentional fraud, and perjury.
>
> With this being a constitutional right violation, I have to go through the federal court in my district. This court has so many corruption cases filed agapmst (sic) them, without any knowledge of fairness or equal form of justice existing there, led to a lawsuit against all of the corrupt judges and court system, that they have tried to create. Some of these cases are pending in the United States Supreme Court, with some already been presented to the Congressional committee for fraud and corruption, where all of the others will eventually get there.
>
>      The United States District Court, the United States Court of appeals and now the Clerk of the Supreme Court has attempted every illegal method known, trying to avoid any acceptable form of settlement in these cases. Everyone has gone beyond their legal required duty, playing the role of defendants attorney and judge. Not allowing any of my guaranteed

---

[1] The court found that all of Coggins' claims were either frivolous or malicious; failed to state any claim on which relief may be granted; or sought monetary relief against a defendant who is immune from such relief.

constitutional rights for every citizen to be heard and have their day in court.

On September 23, 2008, Mr. Coggins filed a petition for certiorari in the United States Supreme Court which was denied on November 3, 2008. *Coggins v. United States District Court Middle District of Alabama et al.,* ___ U.S. ___, 2008 WL 4763213 (Nov. 3, 2008)(No. 08-6431). As best the court can determine, Mr. Coggins is upset about some undisclosed action taken by the Clerk or other employees of the Supreme Court before his petition for certiorari was filed and denied. Regardless, the records available to the court show that the Supreme Court considered and rejected Mr. Coggins petition for certiorari. Mr. Coggins had his "day in court."

In this circuit, while court clerks enjoy a "narrower ambit of immunity than judges," *see Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981), court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages." *Id.* " Absolute immunity from damages actions applies, only in a narrow range of actions, for clerks of court acting in a nonroutine manner under command of court decrees or under explicit instructions of a judge. Damages will not be awarded for a clerk's actions of this type even if in bad faith or with malice." *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir.1980). Mr. Coggins points to no action of any defendant which falls outside the scope of actions for which they are immune.

To the extent that Mr. Coggins suggests that this court should order the defendants to act differently than they have, Mr. Coggins is entitled to no relief. The lower courts lack supervisory authority over Supreme Court clerks, *see Marin v. Suter*, 956 F.2d 339, 340 (D.C.Cir.1992) (per curiam), and these clerks enjoy absolute immunity from damages claims such as the plaintiff's. *See Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C.Cir.1993) (per curiam).

This court shall dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see also*, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).[2] This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose [legal theories or] factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. *See also Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. June 16, 1981)*; Procup v. Strickland,* 760 F.2d 1107, 1114 (11th Cir. 1985). Indeed,

> district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.,*695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(I), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"*Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

*Davis v. Kvalheim*, No. 07-12754, 2008 WL 67676 at *3 (11th Cir. Jan. 8, 2008). A district court is not required to allow a clearly baseless action to proceed to allow a litigant to employ "the legal system as a tool to intimidate and heckle those he imagines have done him wrong." *Id.*

For the foregoing reasons, it is hereby ORDERED that Gene Coggins' Complaint is hereby DISMISSED prior to service on Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

An appropriate judgment will be entered consistent with this Memorandum Opinion and Order.

DONE this the 5th day of November, 2008.

                                      /s/ Truman M. Hobbs
                                SENIOR UNITED STATES DISTRICT JUDGE